UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**RUTH J. KUZMECH, ET AL**
  **Plaintiff,**

  -v-                                          3:10CV00266(VLB)(TPS)

**WERNER LADDER CO., ET AL**
  **Defendants.**

## ORDER ON PENDING MOTIONS

There are three motions currently pending before the Court. Plaintiffs' Third Motion for Enlargement of the Scheduling Order (Dkt. # 46) is GRANTED in part and DENIED in part. It is granted only to the extent the plaintiffs seek an extension of time until September 1, 2012 to conduct the depositions of disclosed expert witnesses. This limited extension was consented to by the defendants. In all other respects, the motion is denied. Thus, to the extent the plaintiffs seek an extension of time for other discovery, including fact depositions and supplemental discovery responses, the motion is denied. The plaintiffs have failed to establish that good cause exists for such an extension. The Court agrees with the defendants that the plaintiff had ample time, more than twenty seven months, to conduct discovery or file a motion to compel during the first three scheduling orders issued by the Court. The plaintiffs also did not request an extension of the current scheduling order until the day after the deadline for filing dispositive motions under such order. Most importantly, the request for additional time came after the defendants, in

accordance with the current scheduling order, timely filed their motion for summary judgment on May 1, 2012.  The defendants, having complied with this Court's order to file a dispostive motion by May 1, 2012, would be unfairly prejudiced were the Court to reopen discovery at this time.

Contrary to the arguments of the plaintiffs, there is no basis for their assertion that they "have been unable to take fact depositions of defense fact witnesses because no fact witnesses have been identified by the defendant."  As the defendants' submissions demonstrate, the defendants identified a company representative in their Initial Disclosures, dated June 1, 20120, who would likely testify at the trial of this matter.  Defense counsel also offered, via two separate letters, this witness for a deposition as a fact witness.  The plaintiff chose not to depose the tendered witness, issue a Rule 30(b)(6) deposition notice, or file a motion to compel with respect to alleged deficiencies in the defendants' discovery responses within the discovery period, and instead waited to file a motion for extension of time until after the deadline had expired and defendants had already filed their motion for summary judgment.  The obvious prejudice to the defendants cannot be overlooked.

For the same reasons, plaintiffs' Motion to Compel Discovery Answers (Dkt. #47)is DENIED. The defendants provided their responses to the plaintiffs' discovery requests on December 20,

2011.  The plaintiffs then waited more than four months, until after the discovery deadline ended and the defendants had filed their motion for summary judgment, before filing a motion to compel.  The prejudice to the defendants is readily apparent.  While the defendants' discovery responses may have required some degree of supplementation had a timely motion to compel been filed, they are more than sufficient for the plaintiffs to readily proceed with the case.

Plaintiffs' Motion for Extension of Time (Dkt. #49) to file a response to the Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.  It is granted only to the extent plaintiffs' counsel requires additional time to file his opposition papers due to his trial schedule.  The plaintiff's opposition shall be filed no later than July 12, 2012.  For the reasons addressed above, no additional discovery, other than expert witness depositions, will be permitted during this time period.

**Dated at Hartford, Connecticut this  11th  day of June, 2012.**

                                                   **/s/ Thomas P. Smith**
                                                   **THOMAS P. SMITH**
                                                   **UNITED STATES MAGISTRATE JUDGE**